## No. 6844.

### THE STATE vs. JOHN G. BRISCOE.

The mere fact that the prosecuting attorney in a trial for murder, read to the jury a definition of malice, from a manuscript he refused to allow the attorney for the accused to see, will not authorize a verdict to be set aside, when the accused does not allege that the said definition of malice was incorrect, and when it appears that the judge instructed the jury not to regard what was thus read from the manuscript.

When it is shown that a wound which might be fatal has been inflicted by the accused with a murderous intent, then the burden of proof is on him to show that the death of the deceased resulted from malpractice, or culpable neglect of the attending surgeon, or from some other cause other than that of the wound.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. McVea, J. Jury trial.

H. N. Ogden, Attorney General, for the State.

W. F. Kernan and T. J. Kernan for defendant.

The opinion of the court was delivered by

EGAN, J. The accused was indicted for murder, found guilty of manslaughter, and sentenced to ten years imprisonment at hard labor in the Penitentiary. The case comes before us upon an assignment of errors upon grounds presented in two bills of exception taken on the trial. The first is to the reading on the trial by the counsel for the State from manuscript what purported to be a definition of malice by Judge Story, "to which counsel for the accused objected and asked the court to instruct the jury not to consider said manuscript authority. The court so instructed the jury, but the counsel for the accused objected that this proceeding was wholly irregular; yet the court ruled that, having instructed the jury they were not to consider said manuscript opinion unless the authority was shown to the counsel for the accused, which was not done, he excepted."

It was certainly very improper for the attorney for the State to withhold from the counsel for the accused any authority he might refer to

28

or use in the argument or on the trial of the cause, and we should without hesitation set aside the verdict and sentence and remand the cause if it were even stated in the bill that the definition of malice so read to the jury was incorrect, as however it does not; while it does appear from the bill that the judge complied with the request of counsel, and instructed the jury not to consider the manuscript authority; and it does not appear that he asked that the trial be suspended and the jury discharged, or that any thing else be done which ought to have been and was not done. We can not, therefore, sustain this ground of error. In overruling it, however, we must remark that the State wishes no unfair advantage taken, even in the smallest matter, of any one prosecuted for crime in her courts. The remedy in such matters as that here complained of is in the hands of the district judge, and should be promptly applied. We do not understand this to be a case of the mere reference to a memorandum of counsel as to an authority not produced. Nor do we wish to be understood as expressing the opinion that an attorney is required to produce and read every authority upon which he relies in argument; to do so would be a great abuse of the patience of intelligent courts.

The second ground of error assigned is, that the judge charged the jury "that if death ensues from a wound given in malice but which being neglected or mismanaged the party died, this will not excuse the prisoner who gave it, but he will be held guilty of murder unless he can make it clearly and certainly appear that the maltreatment of the wound or the medicine administered to the patient, or his own misconduct, and not the wound itself, which was the sole cause of his death."

The judge says the above is only a part of the charge given by the court and extracted from the decision of Justice Spofford in State vs. Scott, 12 A. 274, and that the court quoted in his charge all that portion of the decision found on page 275, which reads as follows:

"It is sometimes impossible to procure skillful surgical aid. If a person dies from a wound inflicted with murderous intent, whose life might have been saved by the skill of a surgeon, whom it was impossible to procure, the crime is none the less murder. The true point is, did the party die of the wounds inflicted by the accused? If he did, the facts that he had no surgeon or an unskillful one, or a nurse whose ill-appliances may have aggravated the original hurt, can not mitigate the crime of the person whose malice caused the death. To do that it must plainly appear that the death was caused not by the wound but only by misconduct, malpractice, or ill-treatment on the part of other persons than the accused." In support of this view the opinion then cites 1 Hale's P. C. * 428; Wharton's Law of Homicide, 241; 1 Russel, 505; and Greenleaf's Evidence, vol. 3, sec. 139, which is in almost the exact language of the charge complained of, with the addition "for if the

wound had not been given the party had not died. So if the deceased were ill of a disease apparently mortal, and his death was hastened by injuries maliciously inflicted by the prisoner, this proof will support an indictment against him for murder; for an offender shall not apportion his own wrong." We understand the court to mean that when a wound from which death might ensue has been inflicted with murderous intent, and has been followed by death, the burden of proof is upon the party inflicting the wound to make it appear to the satisfaction of the jury that the death resulted not from the wound but from some other cause, such as malpractice, want of skill, misconduct, or culpable neglect, without which death would not have resulted. In other words, that the State having first shown the existence, through the act of the accused, of a sufficient cause of death, followed by death, the death is presumed to have resulted from the injury or wound inflicted, unless the accused can rebut that presumption by showing that the death was reasonably attributable to another cause and not to this wound so inflicted by him.

It is difficult, indeed impossible, to lay down a general principle on this subject which shall be equally applicable to the facts of each case, varying as they are. Hence much discretion is necessarily left to the judge before whom the case is tried in expounding those principles of law which will enable the jury to arrive at a correct verdict. Those facts are not before us, and with them we have nothing to do. It is not therefore our province to determine whether the law given in charge by the court below was applicable to the facts proved in the particular case. We can only determine whether what the judge does charge is good law. For this purpose it must be remembered that from the very nature of the duties assigned to him the district judge must necessarily consider the facts proved in his hearing in order that he may give an appropriate charge. It is not correct then to say that he has nothing to do with the facts because he is restrained from charging upon them. Neither is it true to say that because the judge charged that "if death ensued from a wound given in malice," as stated in the bill of exceptions, it results that he in effect charges either that a wound has been inflicted by the accused or that it was given in malice, any more than it can be said that he assumes the existence in the particular case of sufficient proof of any other state of facts pertinent to the crime charged, because he finds it proper in his judgment and in the exercise of the discretion and function assigned him to charge the law applicable to them if proven. The charge given in the present case was certainly a vigorous one, but it seems to be supported by eminent authority, and it is not for us to say that it ought not to have been given under the facts of this particular case. Nor does it appear that the charge complained of stood alone; on the contrary, it was qualified by the other language quoted

from the Twelfth Annual case, and that part of it in relation to giving a, wound in malice does not seem to have affected the verdict of the jury unfavorably to the accused, as notwithstanding the charge they brought in a verdict for manslaughter only. While the enunciation of the law embodied in the charge complained of is certainly a very strong one, and goes to the extreme limit of the law in this country, it is too well supported by authority to be pronounced error, when qualified, as it was in the case at bar, by other portions of the charge given. Neither do we consider it as thus qualified as militating against the general doctrine of the presumption of innocence and of reasonable doubt in favor of the accused, and still less of that in relation to the presumption of malice from an act deliberately committed with a deadly weapon, and of the intent to be drawn from all the evidence in the case as laid down in the standard modern authors and in the current decisions of other States to which we have been copiously referred in the able argument of the counsel for the accused.

It is therefore ordered that the verdict and sentence appealed from be affirmed.